# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DESIDERIO LOPEZ,

    Plaintiff,

v.

UNITED PARCEL SERVICE GENERAL SERVICE CORP., et al.,

    Defendants.

2:04-cv-0732 JCM  PAL

Date:    **N/A**
Time:    **N/A**

### ORDER

Presently before the court is defendant's motion for attorney's fees. (Doc. #170.) After a two-day bench trial, this court found in favor of the defendant in this employment discrimination case. Defendant now argues that plaintiff's claims were groundless and, therefore, an award of attorney's fees is appropriate. To support its claim, defendant asserts that plaintiff unnecessarily included United Parcel Services General Services Corporation in this case, failed to timely prosecute his claims, changed his claims and factual allegations over time, and failed to cooperate in narrowing the issues for trial. Defendant also argues that plaintiff's failure to pursue his tort claims at trial supports the claim that this suit was groundless.

42 U.S.C. § 2000e-5(k) grants courts the discretion to award attorney's fees to the prevailing party in Title VII cases. Further, N.R.S. 18.010 allows for an award of attorney's fees for state law claims that are brought or maintained without reasonable ground or to harass the prevailing party. However, the United States Supreme Court has held that a prevailing defendant in a Title VII action

**James C. Mahan**
**U.S. District Judge**

is to be awarded attorney's fees only when the court finds that a plaintiff's action was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). No such showing has been made in this case.

    Although the court agrees that the evidence in this case did not support a judgment for the plaintiff, it cannot say that plaintiff's claims were groundless or frivolous. Plaintiff presented evidence of workplace hostility and violence. While plaintiff failed to meet his burden of showing that defendant violated Title VII or committed other wrongful acts, there is no evidence that his claims were not credible grounds on which to initiate this lawsuit. Further, there is no evidence that plaintiff pursued this lawsuit as a means of harassing the defendant.

    Accordingly,

    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant's motion for attorney's fees (Doc. #170) be, and the same hereby is, DENIED.

    DATED this 26th day of May, 2009.

*/s/ James C. Mahan*
_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 2 -